People v Ortiz (2019 NY Slip Op 04455)





People v Ortiz


2019 NY Slip Op 04455


Decided on June 6, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 6, 2019

Sweeny, J.P., Gische, Webber, Oing, Moulton, JJ.


9535 2684N/11

[*1]The People of the State of New York, Respondent,
v
Jose Cruz Ortiz, Defendant-Appellant.


Janet E. Sabel, The Legal Aid Society, New York (Svetlana M. Kornfeind of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Yan Slavinskiy of counsel), for respondent.



Judgment, Supreme Court, New York County (Roger S. Hayes, J.), rendered August 12, 2014, convicting defendant, after a jury trial, of conspiracy in the second degree, operating as a major trafficker and criminal possession of a controlled substance in the first and third degrees, and sentencing him to an aggregate term of 15 years to life, unanimously affirmed.
The court accorded defendant an adequate opportunity to voice his concerns about defense counsel (see People v Porto, 16 NY3d 93, 99-101 [2010]). Late in the trial, defendant made a conclusory, unelaborated "objection" that his counsel was ineffective. Although this was initially conveyed to the court by counsel, the court confirmed with defendant, personally, that this was the extent of the statement he wished to make. Defendant did not expressly request new counsel, and there is no indication that the court understood defendant's statement as such a request. Even if defendant could be viewed as requesting new counsel, he "failed to make specific factual allegations of serious complaints that would trigger the court's obligation to inquire further" (People v King, 142 AD3d 917, 917 [1st Dept 2016], lv denied 28 NY3d 1147 [2017]).
Defendant affirmatively waived his challenge to voice identification testimony. Defense counsel originally objected to having a police wiretap monitor compare a voice heard on intercepted conversations with a recording known to be that of defendant's voice, arguing that instead the recordings should be played for the jurors so they could make their own comparisons. However, counsel then reversed course, stating that after discussing the matter with defendant he no longer wanted the recorded conversations played for the jury. In any event, the monitor's testimony was permissible as "an aid to the jury's identification process" (see People v Boyd, 151 AD3d 641, 641 [1st Dept 2017], lv denied 29 NY3d 1124 [2017]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JUNE 6, 2019
CLERK